IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*In re:*

WILLIE E. MCCASKEY, JR.,

*Debtor.*

Case No.: 23-10777-JCO
Chapter 13

## MEMORANDUM ORDER AND OPINION

This matter came before the Court on Acceptance Loan Company Inc.'s Motion to Dismiss the Debtor's Chapter 13 Case ("Motion"). (Doc. 54). Notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, the record, and the statements of counsel at the hearing, this Court finds that the Motion is due to be denied and Acceptance Loan should be permitted to file an unsecured claim, for the reasons below.

### JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and this Court has the authority to enter a final order.

### FINDINGS OF FACT

The Debtor, Willie McCaskey, Jr., ("McCaskey") filed this Chapter 13 Bankruptcy on April 4, 2023. He listed a secured debt to Acceptance Loan Company Inc. ("Acceptance Loan") of $6,087.00 on a 2020 Honda Foreman ("ATV") valued at $5,000.00. (Doc. 1 at 19,27). McCaskey's Chapter 13 Plan proposed to surrender the ATV to "Acceptance Loan, in full satisfaction of the

1

debt." (Doc. 8 at 5). The Plan was confirmed on September 6, 2023.(Doc.47). Acceptance Loan now seeks dismissal of this bankruptcy case on the grounds that: (1) it has been unable to obtain possession of the ATV from the Debtor; (2) McCaskey's actions constitute bad faith as he willfully refused to comply with the confirmed Plan; and (3) McCaskey's failure to surrender the collateral is a material default in the terms of the Plan constituting cause for dismissal under §1307(c)(6). (Doc. 54).

There is no dispute that: (1) the ATV sustained pre-petition damage; (2) the Debtor took the ATV to MX Motorsports in Chatom, Alabama in July 2022; (3) the ATV engine was broken down for repairs; (4) the Debtor was unable to pay for the repairs; (5) MX Motorsports retained the ATV pending payment; and (6) the Creditor was not informed of the ATV's condition or location until May 7, 2024. Counsel for the Creditor stated that the repair bill exceeds the value of the ATV.[1]

## ISSUE

Whether the Debtor's inability to deliver possession of collateral constitutes a material default under his confirmed plan proposing to surrender, thereby justifying dismissal of the Chapter 13 proceeding.

## CONCLUSIONS OF LAW

Section 1325 of the Bankruptcy Code, which governs plan confirmation, allows debtors to surrender property securing an allowed secured claim to such holder. 11 U.S.C. §1325(a)(5)(C). It also requires debtors to act in good faith. 11 U.S.C. §1325 (a)(7). Once confirmed, a chapter 13

---

[1] This information was obtained from stipulations received from counsel for the parties after the setting pursuant to the Court's request.

plan binds the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, accepted, or rejected the plan. 11 U.S.C. §1327;*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010); *In re Smith*, 207 B.R. 26, 32 (Bankr. N.D. Ga. 1997). Upon a material default by the debtor with respect to a term of a confirmed plan, on the request of a party in interest or the trustee, the court may convert a chapter 13 to chapter 7, or dismiss the case, whichever is in the best interests of creditors and the estate, for cause.11 U.S.C.§1307(c)(6). Dismissing or converting a case for a material default under §1307(c)(6) is a discretionary matter. *In re Hutchens*, 480 B.R. 374,387 (Bankr. M.D. Fla. 2012)(citing *In re Grant*, 428 B.R. 504, 506–507 (Bankr.N.D.Ill.2010)). As bankruptcy proceedings are intended to grant debtors a "fresh start,", provisions of the Bankruptcy Code should be construed liberally in favor of debtors." *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985).

<u>*Absent Bad Faith Or Fraud, Debtors Can Surrender Their Interest In Collateral Even If They Are Unable To Deliver Physical Possession To The Creditor.*</u>

Since the term "Surrender" is not defined in the Bankruptcy Code, courts evaluating whether it requires tendering physical possession have reached differing conclusions. Some courts have held that when debtors do not have possession of collateral, they do not have the ability to surrender. *In re White*, 487 F.3d 199, 205 (4th Cir.2007); *In re Register*, 2001 Bankr. LEXIS 2320 (Bankr. S.D.Ga. 2001); *In re Smith*, 207 B.R. 26, 30 (Bankr.N.D.Ga.1997); *In re Robertson*, 72 B.R. 2, 4 (Bankr. D. Colo. 1985). Such courts have noted that: (1) a debtor cannot surrender something that they cannot deliver or tender;[2] (2) the phrase "surrender of such property to such

---

[2] *In re Prior*, 2014 Bankr. LEXIS 595 (Bankr. S.D. Ga. 2014)(since the debtor had neither possession nor control of the engagement rings, option of surrendering was foreclosed to him.)

holder" in Section 1325(a)(5)(C) would be redundant if it meant merely abandonment;[3] (3) and since the term "Surrender" means "to give back, yield, render up, restore", by definition it requires an affirmative act by the debtor. *Id.*

Other courts have held that absent bad faith or fraud, debtors can surrender their interest in collateral even when they are unable to deliver physical possession to the creditor. *In re Failla*, 838 F.3d 1170, 1177 (11th Cir. 2016)(citing *In re Plummer*, 513 B.R. 135, 143–44 (Bankr. M.D. Fla. 2014); *8 Collier on Bankruptcy* § 1325.06[4] (16th ed.) ("Surrender in th[e] context [of section 1325(a)(5)(C)] means simply the relinquishment of any rights in the collateral."); *In re Cornejo*, 342 B.R. 834, 836-837 (Bankr. M.D. Fla. 2005)(explaining that the Bankruptcy Code uses the word "deliver" [rather than surrender] when turning over physical possession is contemplated); *In re Gutierrez*, 633 B.R. 768 (Bankr. S.D. Tex. 2021)("Surrender" to creditor of property securing claim, for purposes of confirmation of proposed Chapter 13 plan, does not require actual delivery of collateral to creditor); *In re Alexander,* 225 B.R. 665 (Bankr. E.D. Ark. 1998)("absent any evidence of fraud or bad faith on debtor's part, [debtor] could surrender her interest in truck and treat creditor as unsecured, without necessity of . . . delivering truck into creditor's possession."); *In re Ware*, 533 B.R. 701, 712 (Bankr.N.D.Ill.2015) (" the debtor must not stand in the way of the secured creditor taking possession of the property, must not retain any rights to the property, and must at all times act in good faith"); *In re Anderson*, 316 B.R. 321, 323 (Bankr. W.D. Ark. 2004)(debtor was allowed to surrender interest in the collateral under §1325(a)(5)(C) without being able to physically deliver the collateral to the bank). These courts have noted that: (1) the ordinary meaning of surrender is [t]he act of yielding to another's power or control" or "[t]he giving up of a right or claim"; (2) surrender does not require the debtor to turn over physical possession

---

[3] *In re Smith*, 207 B.R. 26, 30 (Bankr. N.D. Ga. 1997).

of collateral because the term "property" is an expansive term which includes rights in collateral; (3) the Bankruptcy Code uses the word "deliver" when it intends physical turnover of property; and (4) a debtor surrenders collateral by allowing creditor to obtain possession by available legal means without interference. *Id.*

The United States Bankruptcy Court for the Middle District of Alabama previously held that absent bad faith, delivery is not required for a debtor to surrender collateral in a Chapter 13 plan. *In re Boley*, No. 15-31811-DHW, 2016 WL 155700, at 2 (Bankr. M.D. Ala. Jan. 12, 2016)(citing *In re Walton*, 243 B.R. 793 (Bankr.M.D.Ala.1999)(finding debtor could amend plan to surrender even though the debtor could not deliver the vehicle because it had been stolen and stripped). In *Boley*, the vehicle which the debtor proposed to surrender in her Chapter 13 had been at a body shop for almost a year, storage fees of $11,620.00 had accrued, the mechanic would not release the vehicle without payment, and the debtor did not have the ability to pay. *In re Boley* at 2. The court found that the facts did not establish, "any culpable conduct or intentional concealment by the debtor", thus "physical delivery of the vehicle is not required in order for Mrs. Boley to surrender . . ." *Id.* The court also explained that absent bad faith, requiring a debtor to surrender physical possession of collateral when it was not feasible, would be inconsistent with the principles of a fresh start. *Id.* at 3.

This Court agrees with the reasoning of the courts finding that surrender may be accomplished by a debtor's relinquishment of all rights in the collateral absent bad faith or fraud. Such interpretation adheres to the Eleventh Circuit's *In re Failla* decision, as well as the holdings in *In re Boley*, and *In re Walton*, noting that surrender in the context of section 1325(a)(5)(C) simply means the relinquishment of any rights in the collateral. Although Acceptance Loan alleges bad faith in its Motion, the evidence does not support such allegation. The fact that the ATV was

5

Case 23-10777    Doc 68    Filed 09/30/24    Entered 09/30/24 13:46:11    Desc Main
Document      Page 5 of 7

taken to a repair shop where repair and storage costs accrued and the Debtor was unable to pay the bill does not prove bad faith. McCaskey advised of the circumstances and location of the ATV and Acceptance Loan confirmed the same. Although it is unfortunate that the mechanic's bill and storage costs exceed the value of the collateral, that fact remains whether or not McCaskey is in bankruptcy. It has not been shown that McCaskey concealed the collateral, perpetrated a fraud, or failed to relinquish any and all rights he may have had in the ATV. Thus, McCaskey's inability to deliver physical possession of the ATV, under these facts, does not constitute a material default under the Plan or cause to dismiss the case.

*The Equities of the Case Support Allowance of an Unsecured Claim*

It has long been established that bankruptcy court is a court of equity. *Pepper v. Litton*, 308 U.S. 295, 304, 60 S. Ct. 238, 244, 84 L. Ed. 281 (1939). Among the powers granted to it, are the allowance and disallowance of claims and the issuance of any order that is necessary or appropriate to carry out the provisions of Title 11. *Id.*; 11 U.S.C. §105. Despite the general binding effect of the confirmation order, the equities of this case favor allowing Acceptance Loan to file an unsecured claim for its outstanding debt. The Creditor did not have the appropriate notice or opportunity to object to the "full satisfaction" language in the plan because: (1) the Debtor's schedules listed the ATV value at $5,000.00; (2) the collateral description did not disclose any damage; and (3) the Debtor did not advise the Creditor that he no longer had possession of the ATV until after plan confirmation. Although Acceptance Loan may have been willing to accept the collateral in full satisfaction of its debt, the plan provision providing for surrender did not inform the Creditor that it would receive nothing at all. Thus, under the circumstances of this case,

6

the Court finds that principles of equity favor allowing Acceptance Loan to file a general unsecured claim for the outstanding debt on the ATV.[4]

## CONCLUSION

Based on the above, it is hereby ORDERED, ADJUDGED, AND DECREED that Acceptance Loan's Motion to Dismiss is DENIED and it is allowed 30 days to file an unsecured claim for the outstanding debt on the ATV.

Dated: September 30, 2024

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[4] Since at present, this case is paying zero percent to general unsecured creditor, the filing of a claim may be an exercise in futility. However, this Court makes this determination at the request of Creditor's counsel at the hearing in the event that the Debtor receives a windfall or the percentage to unsecured creditors is increased in the future.